UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TWIN BRIDGES WASTE AND RECYCLING, LLC

                Plaintiff,

    v.                                       1:21-CV-0263 (DNH/DJS)

COUNTY WASTE AND RECYCLING SERVICE, INC, *et al.*,

                Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

DREYER BOYAJIAN, LLP              DONALD W. BOYAJIAN, ESQ.
Attorneys for Plaintiff                    JAMES R. PELUSO, ESQ.
75 Columbia Street                        LAUREN S. OWENS, ESQ
Albany, New York 12210

BOIES, SCHILLER & FLEXNER LLP    ADAM SHAW, ESQ.
Attorneys for Plaintiff
30 South Pearl Street, 11th Floor
Albany, New York 12207

NIXON PEABODY, LLP                WILLIAM E. REYNOLDS, ESQ.
Attorneys for Defendants            KELLY A. SPRAGUE, ESQ.
677 Broadway, 10th Floor
Albany, New York 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DISCOVERY ORDER

On October 16, 2023, after a discovery conference and the issuance of a Discovery Order (Dkt. No. 110), the Court received materials from Plaintiff's counsel for an *in camera* review. Those materials were in response to a discovery demand issued

by County Waste's counsel and dealt generally with information provided by Twin Bridges in response to a subpoena issued by the New York State Attorney General's Office on July 6, 2023, seeking documents and information relating to Casella Waste Systems, Inc.'s proposed acquisition of Consolidated Waste Services, LLC and its subsidiaries. The subpoena was issued by the Attorney General pursuant to General Business Law § 343, Executive Law § 63(12), and New York Civil Practice Law and Rules § 2302(a).

The material provided to the Court in connection with this review consisted of the following:

1. Subpoena Duces Tecum dated July 6, 2023, and issued to Consolidated Waste Services, LLC. The document is 24 pages in length, inclusive of attachments.

2. Consolidated Waste's 2-page initial response to the Subpoena, written by Attorney Wendy Arends of the firm Husch Blackwell, and dated July 14, 2023. The letter references production of 64 responsive documents (Bates ## CWS01-064). The Letter specifically notes the confidential nature of the document production in response to a nonpublic inquiry.

3. Consolidated Waste's second response to the subpoena, by Attorney Arends. This letter, dated July 21, 2023, is 11 pages in length and references the additional production of documents (Bates ## CWS065-830). This Letter also provides specific responses to Request for Information (RFI) ## 1, 4, 6, 7, 9,

and 10, as well as responses for Request for Documents (RFD) ## 1, 9, 10, 12, 13, 14, and 16.

4. Consolidated Waste's third response dated July 31, 2023. This 9-page Letter from Attorney Arends responds to RFI ## 2, 3, and 8, as well as RFD 2, 5, 6, 7, 8, and 15. The letter references production of additional documentation (Bates ## CWS831-1949)

5. Consolidated Waste's fourth response dated August 8, 2023. This final response is 4 pages long, and responds to RFI # 5, and FRD # 11. The response references Bates ## CWS1950-1954.

6. 6-page itemization of Consolidated Waste Services Documents produced in response to the Attorney General's Subpoena.

Counsel for Twin Bridges has objected to the production of the materials, citing the confidential nature of the Office of the Attorney General's proceedings, as well as the various privileges which they see as applicable. *See* Dkt. No. 100. In addition, this Court raised significant questions about the proportional relevance of this material with the parties during a conference on October 12, 2023. *See generally* Dkt. No. 112.

As well understood by the parties to the litigation, *see Twin Bridges Waste & Recycling, LLC v. Cnty. Waste & Recycling Serv., Inc.*, 2022 WL 5240584, at *2 (N.D.N.Y. Oct. 6, 2022), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). To evaluate what information is discoverable, the

court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. District courts have broad discretion to manage the scope of discovery and decide motions to compel. Further, Rule 1 requires that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1; *Hyatt v. Rock*, 2016 WL 6820378, at *2 (N.D.N.Y. Nov. 18, 2016).

In the present case, relevancy and expediency drive the Court's exercise of its discretion. The Court has explained its concern about the status of discovery in this case in general, and in particular of doing discovery into an independent, and apparently unfinalized, state investigation regarding the propriety of the proposed sale of the Plaintiff entities to Casella Waste. Dkt. No. 112 at pp. 5-10. The Attorney General's investigation is, in some sense, a different inquiry than what is the focus of the present matter before the Court. The records sought may overlap or have tangential relevancy and thus counsel for County Waste reasonably may have some interest in discovering what legal counsel for the Attorney General's Office and counsel for Consolidated Waste Services d/b/a Twin Bridges engaged in during this inquiry. But "Fed. R. Civ. P. 26(b)(1) permits discovery based on a standard of relevance - not supposition or surmise." *Tradiverse Corp. v. Luzar Trading S.A.*, 2020 WL 8838055, at *3 (S.D.N.Y.

June 23, 2020) (internal quotation and alteration omitted).  Here, there is no showing that the records and information sought is distinct from or could not be obtained directly from Twin Bridges in this case, rather than delving into what was asked in a separate antitrust investigation.

When met with this Court's skepticism regarding the potential relevance or propriety of the separate line of inquiry, counsel for the Defendants narrowed down on what they believed was their biggest concern:

> MR. REYNOLDS:  Your Honor, I mean it's not so much to replicate the investigation. It's to find out: What did Scott Earl and Twin Bridges say? What statements did they make? That's what it's about, statements by witnesses in this case on antitrust issues. That's what we're trying to get. So those are highly relevant.… If I don't have a statement, if I don't have -- if he made a statement to the Attorney General's Office, Your Honor, and I ask him at a deposition, what did you say to the Attorney General's Office, but I don't have that statement, how can I cross-examine him? How can I establish whether he's telling me the truth about what he said to the Attorney General's Office?

Dkt. No. 112 at p. 7.

The Court recognizes the importance and validity of this particularized concern. Were one of the Plaintiff's principals to have provided a written statement or testimony which contradicts the claims in the federal litigation about, for example, market competitiveness or barriers to entry, that may not only be relevant, but it may easily overcome whatever state concerns may be applicable.  With that in mind, the Court conducted its *in camera* review of the subpoena and the response of independent counsel for Consolidated Waste Services.  That review confirms the representation of Twin

Bridges' counsel that there were no written statements or testimony of Scott Earl or other representative of Twin Bridges that were produced in response to the subpoena. Regarding documentation, a review of the document ledger establishes that a significant number (approximately 600 pages) of the documents produced were simply copies of the pleadings in the federal and state court litigations between the parties. Beyond that, the documents consisted generally of contracts, disposal agreements, asset purchase agreements, bills of sale, lease agreements, RFIs and RFDs. All of these are items which are actively the subject of discovery in this action and are being obtained directly from the opposing party, and there is no showing currently that the production of the Attorney General's subpoena and the response is necessary to facilitate that process. Moreover, the Court does not feel it should direct production of documents from a third-party without affording the Attorney General's Office the opportunity to address such disclosure. Doing so would only slow down the ongoing, and difficult discovery process in this case and given the minimal relevance of the material submitted for review, the Court finds that doing so would not be an expeditious use of the resources of either the Court or the parties. *Cf. Krauss v. First City Nat. Bank & Tr. Co.*, 125 F.R.D. 80, 83 (S.D.N.Y. 1989) ("if plaintiff's direct discovery of the bank and of Williams did not turn up any evidence of such defaults, there is no reason for an excursion through regulatory reports in the hope that something may turn up.").

    Accordingly, based upon the review conducted and the record as it presently stands, and for the reasons expressed during oral argument, the Court will not require

the Plaintiff to produce the New York State Attorney General's Office subpoena, and their counsel's response.

**IT IS SO ORDERED.**

Dated: December 20, 2023
       Albany, New York

                                                                    _____
                                                                    Daniel J. Stewart
                                                                    U.S. Magistrate Judge