UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TWIN BRIDGES WASTE AND RECYCLING, LLC,

                Plaintiff,

v.                                                    1:21-CV-0263 (DNH/DJS)

COUNTY WASTE AND RECYCLING SERVICE, INC, *et al.*,

                Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| DREYER BOYAJIAN, LLP<br>Attorneys for Plaintiff<br>75 Columbia Street<br>Albany, New York 12210 | DONALD W. BOYAJIAN, ESQ.<br>JAMES R. PELUSO, ESQ.<br>LAUREN S. OWENS, ESQ |
| BOIES, SCHILLER & FLEXNER LLP<br>Attorneys for Plaintiff<br>30 South Pearl Street, 11th Floor<br>Albany, New York 12207 | ADAM R. SHAW, ESQ. |
| NIXON PEABODY, LLP<br>Attorneys for Defendants<br>677 Broadway, 10th Floor<br>Albany, New York 12207 | WILLIAM E. REYNOLDS, ESQ.<br>KELLY A. SPRAGUE, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

# ORDER

On December 20, 2023, the Court issued an Order denying Defendants' request to direct production by Plaintiff of materials it supplied to the New York State Attorney General's Office. Dkt. No. 116. Defendants now seek reconsideration of that Order. Dkt. No. 119. Plaintiff opposes the Motion. Dkt. No. 124.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "The standard for reconsideration is strict, and a motion for reconsideration will be denied unless the moving party can point to controlling decisions or facts that the court 'overlooked' and that might 'reasonably be expected to alter the conclusion reached by the court.'" *Hum. Elecs., Inc. v. Emerson Radio Corp.*, 375 F. Supp. 2d 102, 114 (N.D.N.Y. 2004) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Defendants' Motion does not specifically identify which of these enumerated circumstances warrants reconsideration of the Court's Order. Clearly, however, there has been no intervening change in the law nor have Defendants raised new evidence, so the Court presumes that Defendants contend that the prior decision was clearly erroneous or would result in manifest injustice. Even there, however, Defendants make no specific argument that this Court misapplied the law. Instead, Defendants appear to base their Motion for Reconsideration solely on their view that the Court erred in applying the relevant law to the facts. Specifically, Defendants seize on the Court's statement that "there were no written statements or testimony of Scott Earl or other representative of Twin Bridges that were produced in response to the subpoena," Dkt. No. 116 at p. 6, and argue that the attorneys who submitted the response to the

Attorney General's Office were "representatives" of Twin Bridges and thus the response should be turned over. Dkt. No. 119-1 at p. 3. This argument, the lone argument the Court understands Defendants to make, misses the mark and the Motion, therefore, is denied.

Defendants' position in litigating this particular question has always focused on statements made by Mr. Earl in particular to investigators from the Attorney General's Office. *See*, *e.g.*, Dkt. No. 112 at p. 7 ("if he made a statement to the Attorney General's Office" & "That's what it's about, statements by witnesses in this case on antitrust issues"); p. 8 ("We're talking about statements that Scott Earl and Twin Bridges made presumably under oath of some kind."). Counsel did not specify that he was seeking statements of any representative in any capacity from Twin Bridges. Counsel went even further in emphasizing that "I'm most interested in the statements, the witness statements, Your Honor. That's what we're talking about is witness statements by Mr. Earl and Twin Bridges." *Id.* at p. 9. It was clear to the Court that Defendants sought in particular direct witness statements, not representational responses, to questions posed by the Attorney General's Office. While recognizing the potential relevance of such statements, given that none were contained in the material submitted to the Court no production was ordered. Dkt. No. 116 at pp. 5-6.[1] Defendants are correct that attorneys' statements can often bind their client. But the statements at issue here were made by counsel not involved in this litigation and were made in the context of an entirely distinct investigation.

---

[1] One note on Defendants' Motion. Page three of the Memorandum of Law in Support of the Motion quotes page five of the Order under review in a manner suggesting that the Court found that Twin Bridges' counsel involved in the Attorney General's investigation had made statements that contradict claims in this litigation. The Court made no such finding. Instead, what the Court found was that such contradictory statements, had they been present, would likely have been highly relevant.

As a result, they cannot be characterized as the type of "witness statements" Defendants repeatedly indicated were the focus of their request.

The Court notes, in any event, that the absence of firsthand witness statements was just one basis for denying Defendants' request for access to the submission by Twin Bridges. The Court, however, first found that the records at issue related to a "separate antitrust investigation," Dkt. No. 116 at p. 5, and did not meet the relevance standard required to compel their production. *Id.* at pp. 4-5. The Court also found that permitting further discovery on this investigation, which is tangential at best to the claims at the heart of this litigation was not an expeditious use of the resources of the Court or the parties in terms of reaching a just resolution of the federal case. *Id.* at p. 6; *see also* FED. R. CIV. P. 1. Defendants' Motion does not address these alternative grounds for denying production.

Accordingly, the Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 15, 2024
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

4