**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

TWIN BRIDGES WASTE AND RECYCLING,
LLC,

                                        Plaintiff,

            v.                                                    1:21-CV-0263
                                                                    (DNH/DJS)

COUNTY WASTE AND RECYCLING SERVICE,
INC, *et al.*,

                                        Defendants.

_____

**APPEARANCES:**                              **OF COUNSEL:**

DREYER BOYAJIAN, LLP                   DONALD W. BOYAJIAN, ESQ.
*Attorneys for Plaintiff*                      JAMES R. PELUSO, ESQ.
75 Columbia Street
Albany, NY  12207

BOIES, SCHILLER & FLEXNER LLP          ADAM SHAW, ESQ.
*Attorneys for Plaintiff*                      SCOTT E. GANT, ESQ.
30 South Pearl Street, 11th Floor
Albany, NY 12207

NIXON PEABODY, LLP                      WILLIAM E. REYNOLDS, ESQ.
*Attorneys for Defendants*                     ANDREW C. ROSE, ESQ.
677 Broadway, 10th Floor                    KELLY A. SPRAGUE, ESQ.
Albany, NY 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DISCOVERY ORDER

        The parties in this matter have resisted production of certain documents based

upon the attorney-client or work product privilege.  Privilege logs have been prepared

and exchanged, and the matter was discussed at length during oral argument held on

May 8, 2024.  *See* Dkt. No. 163.  In order to assist with the disclosure determination, the Court directed that copies of the withheld documents, and related privilege logs, be provided to Chambers for an *in camera* review.  The parties have complied with that directive, and the Court's review of the documents has now been completed.  Accordingly, the Court rules as follows on the privilege issues:

## I.   DOCUMENTS WITHHELD BY DEFENDANTS

Defense counsel submitted *in camera* sixty-eight (68) documents for which the attorney-client or work product privilege was asserted, in whole or in part. Sixteen (16) of the challenged documents were withheld from production in their entirety.  The other fifty-two (52) documents were produced, but with partial redactions.   The documents reviewed by the Court *in camera*, identified by privilege log #, were as follows:  60-61, 76, 85-56, 91, 99-100, 227, 328, 334, 339-340, 429, 453-455, 463-464, 469, 471, 482-483, 495-496, 507, 512, 515, 518-519, 521-522, 525, 527, 530, 532, 534, 537, 541, 608, 617, 783, 785, 804-807, 895, 897, 900-902, 1121-1122, 1185, 1305, 1315-1317, 1320, 1322-1325, 1328, 1362, 1363, & 1364.

Plaintiff's counsel has opposed the claim of privilege on several grounds. Dkt. No. 152. In particular, Plaintiff's counsel asserts the Defendants' designations are improper because they involve (1) communications between non-lawyers; (2) documents with the primary purpose of business advice; (3) documents asserting work product protection without any present or anticipated litigation; (4) documents sent to Waste Connections concerning day-to-day operations and activities of County Waste

and/or Robert Wright disposal; and (5) documents sent outside of County Waste and/or Robert Wright to other nonparties that precludes any privilege.  *Id.* at p. 4.

As a general matter, the attorney-client privilege applies to "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *In re Cnty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007); *see also United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011).  Its purpose is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  "[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."  *Id.* at 390.

Corporations may be considered clients for the purposes of attorney-client privilege, and the internal communication of corporate legal advice does not necessarily waive the privilege.  *Id.* at 392.  In other words, a corporation's privilege applies to communications between corporate counsel and corporate employees, so long as those communications are made "at the direction of corporate superiors in order to secure legal advice."  *Id.* at 394.

As an initial point, Defendants' counsel has clarified that the inclusion of the name "Katrina Jackson" in the privilege log was a technical error, and that she in fact

3

is not a recipient of any of the emails or documents in question.  *See* Dkt. No. 163 at pp. 35-36.  Rather, the individual who received documents was Worthing Jackson, President and CEO of Defendant Waste Connections. *See, e.g.*, Defendants' Privilege Log # 429.  The Court has confirmed with this assertion with its own review.  This is significant because the inclusion of a third party in the communication can negate the claim that the statements were confidential.  *NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 138 (N.D.N.Y. 2007).  "Confidentiality is not lost, however, if the third person was present in furtherance of the rendition of legal services or was reasonably necessary for the transmission of the communication."  Weinstein's Evidence Manual, § 18.03[2][d].  Moreover, corporations that demonstrate sufficient interrelatedness can be treated as one entity for attorney-client privilege purposes if they are closely affiliated or share the same legal interest.  *Music Sales Corp. v. Morris,* 1999 WL 974025, at *7 (S.D.N.Y. Oct. 26, 1999).

Based upon the Court's *in camera* review, it is apparent that the emails in question involve consultation with in-house legal counsel regarding several sensitive and confidential issues.  The referenced in-house counsel was more than just a mere add on to the conversation, and the *in camera* documents are relevant to inquiries from the client involving their legal counsel regarding the propriety of the Company's response to certain situations.  The Court concludes, therefore, that the privilege has been properly asserted as to the limited documents and selections of redacted emails submitted for review and is therefore upheld.

4

Apart from the privilege issue, the Court also concludes that most if not all of the documents in question need not be disclosed as they are not proportionally relevant to the needs of the case. Insofar as the conversations revolve around various drafts of documents, or the corporation's internal approach to handling of legal situations, disclosure of those preliminary drafts or discussions is unnecessary once the final document, i.e. the consulting agreement, the customer letter, or the disposal agreement, etc., have been provided.  Similarly, the various iterations of potential responses to media inquiries regarding an upcoming story are not proportionally relevant where the actual story with the company's comments (which is what would have been available to, and thus affected, the consumer) presumably has been provided, or is downloadable, and where preliminary communications with the reporter were already supplied.

## II.     DOCUMENTS WITHHELD BY PLAINTIFF

Plaintiff Twin Bridges has provided 152 documents, or sets of documents, that it has asserted as constituting either attorney-client or work product privilege.  The Court reviewed *in camera* the following documents: Log Entry ## 1, 10, 39, 44, 63, 79-85, 90, 117, 120, 125, 128, 136, 138-143, 146, 152-153, 164-165, 168-169, 171, 173-185, 187, 189-190, 206, 215-216, 219, 221-223, 242, 245-278, 281-283, 296, 305, 313, 316-329, 333, 335, 338-343, 346, 348-376, 380-381, 383-387, 389, 392-396, & 398-399.

Defendants' position is that the above referenced documents are not properly classified as privileged, because they were shared with, among others, Jerry Cifor, a business consultant, and therefore any such protection was lost.   Dkt. No. 149. Generally, the attorney-client privilege applies only to communications between lawyers and their clients, however, "[u]nder certain circumstances . . . the privilege for communication with attorneys can extend to shield communications to others when the purpose of the communication is to assist the attorney in rendering advice to the client." *United States v. Adlman*, 68 F.3d 1495, 1499 (2d Cir. 1995).  Thus, the Second Circuit has extended privilege to communications between a client and an accountant, finding that "[a]ccounting concept[s] are a foreign language to some lawyers," and therefore "the presence of the accountant is necessary, or at least highly useful, for the effective consultation between the client and the lawyer which the privilege is designed to permit."  *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961).

The Court's *in camera* review of the emails and related documents reveals a basic fact: CPA Jerry Cifor and Tangram Partners LLC were utilized by legal counsel for purposes of assessing and assisting in the financial implications of numerous documents or other situations that were necessary for their legal representation of Twin Bridges and its potential sale.  For that reason, the Court upholds the claim of privilege.

Consistent with the Court's discussion above regarding Defendant County Waste, the Court again notes that the majority of the documents withheld by Plaintiff

6

(i.e. communications involving in-house counsel with Mr. Cifor and others relating to the purchase, or contemplated purchase of Twin Bridges by Casella Waste involving, for example, draft asset purchase agreements; draft tax filings; HSR filings; employee status notifications; due diligence checklists and reports; contracts; closing statements; flowcharts; as well as many other related documents or emails) were also not proportionally relevant to the needs of the case.  As part of the Court's prior Discovery Order, Dkt. No. 94, copies of the finalized purchase agreement have already been provided.  Accordingly, the documents, emails, and related communications with counsel and Plaintiff's employees or financial consultants, or at counsel's request, regarding the purchase, are not proportionally relevant to the needs of this case as it now stands.  Similarly, emails with counsel relating to, or discussing, the Susan Wright letter or internet posts, are not proportionally relevant where the Court has already ordered production of numerous versions of the letter in question, in their native form.[1]  Dkt. No. 163.

### III.   CONCLUSION

Based upon the forgoing, the Court upholds the assertion of privilege upon the documents submitted by both parties for *in camera* review.  Each party shall retrieve

---

[1] And, of course, witnesses can be questioned regarding non-privileged communications, including any with Mrs. Wright regarding input into, or directions regarding, the alleged defamatory letter.

and preserve their respective binder(s) of documents submitted to the Court.

**IT IS SO ORDERED.**

Dated: August 13, 2024
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

8