**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TWIN BRIDGES WASTE AND RECYCLING, LLC,

                Plaintiff,

    v.                                          1:21-CV-0263
                                                      (DNH/DJS)

COUNTY WASTE AND RECYCLING SERVICE, INC, *et al.*,

                Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| DREYER BOYAJIAN, LLP<br>*Attorneys for Plaintiff*<br>75 Columbia Street<br>Albany, New York 12207 | DONALD W. BOYAJIAN, ESQ.<br>JAMES R. PELUSO, ESQ. |
| BOIES, SCHILLER & FLEXNER LLP<br>*Attorneys for Plaintiff*<br>30 South Pearl Street, 11th Floor<br>Albany, New York 12207 | ADAM SHAW, ESQ. |
| NIXON PEABODY, LLP<br>*Attorneys for Defendants*<br>677 Broadway, 10th Floor<br>Albany, New York 12207 | WILLIAM E. REYNOLDS, ESQ.<br>KELLY A. SPRAGUE, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DISCOVERY ORDER

    A further Discovery Conference was held in this matter on August 21, 2024. Several of the outstanding issues in the case had been resolved prior to the conference. *See* Dkt. No 182 (dealing with the privilege logs) & Dkt. No. 178 (dealing with expert

witness protocol).  In addition, during the conference counsel for the parties explained the significant number of depositions that have been completed to date, and their continued efforts to resolve discovery disputes amongst themselves.  The Court is appreciative of those efforts.  Based upon the information provided during that conference, the Court issues the following Discovery Order:

    I.    **Scheduling Order**.  For good cause shown, the Court revises the Uniform Pretrial Scheduling Order one additional time.  The new deadlines are as follows:

| Event | Deadline |
|---|---|
| Completion of Fact Discovery | November 22, 2023 |
| Plaintiff's Expert Report | December 7, 2024 |
| Defendants' Expert Report | January 21, 2025 |
| Rebuttal Experts | February 15, 2025 |
| Mediation Deadline | February 15, 2025 |
| Expert Depositions | March 18, 2025 |
| Dispositive Motions | April 29, 2025 |

    II.    **Witness Identification**.  Plaintiff's counsel has requested that the Court direct Defendants' counsel to identify any witness that they anticipate calling at trial, or whom they may rely upon in connection with any yet to be filed summary judgment motion.  Defendants object, noting that there is no provision requiring the identification of their motion affiants prior to the filing of such a motion, and, generally, witness lists are due no more than 30 days prior to trial.  Dkt. No. 181.  At the hearing, Defense

counsel noted that they would work with counsel for Twin Bridges and provide identification and statements from customers insofar as they had them.  Plaintiff's counsel notes that they have received statements from County Waste customers that were approached, but who did not switch services, and they were specifically interested in the identification of consumers who changed from one company to the other.  Defendants indicate that some of that information has been included in the large amount of data provided, but that they do not have any more specific information.  The Court denies Plaintiff's request for production of a witness list or exhibit list at this time; any such requirement will be part of the Trial Court's yet-to-be-issued pre-trial order.  The Court notes and reminds counsel, however, that Rule 26(a)(1)(A)(i) requires the parties to identify individuals who may have discoverable information relating to the parties claims or defenses if that information is known.  The parties are obligated to supplement those initial disclosures as additional witnesses and evidence become known. *Id.*  Under Fed. R. Civ. P. 37(c), "[i]f a party fails to ... identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that ... witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Kullman v. New York*, 2009 WL 1562840, at *8 (N.D.N.Y. May 20, 2009).

  III. **De-designation of "Attorney's Eyes Only" classifications**.  Finally, Plaintiff's counsel has objected to the fact that all the documents produced by Defendants have been designated "Attorney's Eyes-Only" which, under the Protective Order, is the highest level of classification. As a result, they are unable to show even

their clients most of the discovery that has been provided. Candidly, counsel for the Plaintiff acknowledges that they themselves designated nearly one hundred percent of their documents as being "Attorneys-Eyes Only." There is no question in the Court's view that over designation likely occurred. Generally, there is no basis to designate the party's entire production as highly confidential, and that classification can only be made after good faith determination by counsel that there is legitimate basis for the confidentiality designation for each document or set of documents. *See United States v. Mount Sinai Hosp.,* 185 F. Supp. 3d 383, 396 (S.D.N.Y. 2016). Looking at the situation in its best light, the Court could glean that these designations were made at the onset because of the deep-seated distrust that each party has for each other, and such a designation would at least get the discovery process going by allowing the attorneys to view the documentation.

      The Court will resolve this matter under a two-step approach. First, each counsel is immediately required to review and reconsider its classification designations under the Protective Order to assure that it has complied with its obligation to only exercise this designation in good faith and with justification. In conjunction with that, the party who opposes the designation of the document as "Attorneys Eyes-Only" should serve upon the other side a written request identifying the documents or materials that it believes should be declassified pursuant to paragraph 4 of the Stipulation and Order for the Production and Exchange of Confidential Information, signed by this Court on May 18, 2022. Dkt. No. 38. That process should be completed within 21 days of the date

of this Order. In the event that a dispute remains, counsel are authorized to file a motion for declassification.

IV. **Ongoing Document Disclosure**. The parties have also raised issued concerning the scope of document disclosure. The filings of the parties suggest that further discussion between them is warranted on this issue and Plaintiff's counsel is directed to file a status report on this issue within 30 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: August 28, 2024
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

5