

Nixon Peabody LLP
677 Broadway, 10th Floor
Albany, NY 12207-2996

**William E. Reynolds**
Partner

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

T / 518.427.2687
F / 855.897.1993
wreynolds@nixonpeabody.com

February 19, 2025

**Via CM/ECF**

U.S. Magistrate Judge Daniel J. Stewart
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 112
Albany, New York 12207

**Re**: *Twin Bridges and Consolidated Waste v. County Waste, et al.,* Civil Action No. 1:21-cv-00263 (ECC/DJS)

Dear Judge Stewart:

Plaintiffs' February 17 letter (Dkt. No. 228) seeks to compound the injustice already created by plaintiffs' discovery abuse. The Court should deny the relief plaintiffs seek.

**1. Plaintiffs Created the Need for Defendants' Amended Expert Report by Withholding the Critical June 2019 Comerica Letter until after Defendants' Original Expert Report Had Been Served**

It was plaintiffs who triggered defendants' amended expert report by withholding a crucial document – plaintiff Consolidated's June 2019 letter to Comerica (Dkt. No. 227-1) – that undermines plaintiffs' own expert analysis. That document was not produced until ten weeks after the close of fact discovery, five weeks after plaintiffs informed the Court that responsive documents had been located and would be "produce[d] shortly after the holidays" (Dkt. No. 225 at 2), and five days after defendants submitted their original expert report. Defendants amended their expert report to address the belatedly-produced document. Plaintiffs' attempt to strike the amended report, and thereby prevent defendants' expert from addressing the key document plaintiffs withheld, is a travesty.

As defendants explained in our February 17 letter, we have repeatedly demanded the production of all communications regarding loans, but plaintiffs never produced the June 2019 letter or its attachments. Defendants timely moved to compel on this issue. Dkt. No. 219 at 3-4.

On December 27 – thirty days before defendants' expert report was due – plaintiffs informed the Court that responsive documents had been located and would be "produce[d] shortly after the holidays." Dkt. No. 225 at 2. But in fact, the documents were not produced until January 31 – five days after defendants' expert had already served his report.[1]

The late production of critical documents made supplementation of defendants' expert report necessary and perfectly permissible, if not mandatory. Rule 26(e) provides that a "party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect"; it further provides that "[f]or an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends . . . to information included in the report[.]" Dr. Israel's original report was incomplete because it did not address, nor could it address, the later-produced June 20, 2019 Comerica letter submission of plaintiff Consolidated.[2] The amendment is proper as a "'supplemental' report authorized by Rule 26(e)" because it

---

[1] Plaintiffs' attempt to hide behind the "Jerry Cifor did it" excuse (*see* Dkt. No. 229) is unseemly and baseless. The June 2019 Comerica letter literally bears the letterhead of plaintiff "Consolidated Waste Services, LLC" in block capitals. The claim that plaintiff Consolidated does not have such critical business records is unbelievable (unless the documents were deliberately destroyed). Moreover, it was counsel for plaintiffs, not Mr. Cifor, who represented to the Court that documents had been located and would be produced shortly after the holidays.

[2] Similarly following Rule 26(e)'s mandate to supplement an expert report if part of it is found to be incorrect, Dr. Israel also corrected certain calculations to account for the corrections in the 2022 line of business profit and loss statement for County Waste district 6210; that issue is addressed in section 4 below.

relies on "'information that was previously unknown or unavailable' to the expert." *Exist, Inc. v. Tokio Marine America Insurance Company*, 2023 WL 7117369, at *3 n.2 (S.D.N.Y. Oct. 5, 2023) (citation omitted).

2. **Plaintiffs Improperly Ask the Court to Strike the Amended Report While Not Mentioning the Narrow Scope of the Amendments**

It is astounding that plaintiffs ask the Court to strike the amended report without attaching a copy of the redline version defendants provided showing what the modest amendments were, or acknowledging the language Dr. Israel used to explain the amendments and the reason for them.

Paragraph 8 of Dr. Israel's Amended Report clearly states:

> I understand that after the submission of my original report, counsel for County Waste received a copy of a letter (and attachments) dated June 20, 2019 to Comerica Bank from Consolidated Waste Services requesting a credit facility, and Defendants produced a corrected version of the 2022 LOB P&L report for the Clifton Park district (6210). I have therefore amended my original report to reflect the June 2019 letter and attachments from Consolidated to Comerica Bank, the corrected 2022 LOB P&L report, and to address a few minor errata.

Exhibit A (redline version showing changes in Amended Report (filed under seal due to confidentiality designations)). These were the *only* amendments to Dr. Israel's report.

3. **Plaintiffs Seek a Three-Week Delay in Their Rebuttal Deadline in a Bid to Prejudice Defendants**

Plaintiffs ask for a three-week extension of their expert rebuttal report deadline (to March 13). Dkt. No. 228 at 1. Because plaintiffs do not discuss what the amendments to Dr. Israel's report were, or how those limited amendments have any material impact on their expert's work, they certainly have failed to justify the need for any extension, let alone one of

such long duration. Pursuant to Rule 16(b)(4), the case "schedule may be modified only for good cause." Plaintiffs have not even attempted to make that showing.

Conveniently, plaintiffs do not disclose to the Court that Dr. Israel's deposition has long been scheduled for March 7, and that the deposition of Dr. Sharp (plaintiff's expert) has long been scheduled for March 18. Moving Dr. Sharp's reply deadline to March 13 (without modifying other deadlines) would give plaintiffs the patently unfair tactical advantage of deposing Dr. Israel first and <u>then</u> serving their rebuttal report, while leaving defendants only a few days to digest the rebuttal report before deposing Dr. Sharp.[3]

There is simply no basis for plaintiffs to have additional time to address limited edits to defendants' report *that concern documents created and sent by plaintiff Consolidated in 2019*. Plaintiffs have already had ample time – since February 14 – to absorb and address those edits.

**4.** **Plaintiffs Misrepresent the Corrected Calculation Error, Which Involved One Line in a Profit and Loss Statement for a Single Business District in a Single Year**

Plaintiffs assert that defendants produced a "new document" that "purports to revise Defendants' cost structure" – and demand a three-hour deposition to ask questions about the purported "new document." Dkt. No. 228 at 2. Plaintiffs do not provide the Court with a copy of the document in question; they only misleadingly characterize it without reference to its actual content.

---

[3] It was clearly contemplated in the scheduling order that both sides' experts would be deposed after all expert reports had been submitted. That is standard practice. Indeed, there was no other reason to allow one month between the rebuttal report deadline (February 20) and the completion of expert depositions (March 21). *See* Dkt. No. 218. It is better, fairer, and more orderly to have each expert's deposition taken after all reports have been submitted.

The "new document" is not new; it is merely a single profit and loss statement ("P&L") that was previously produced, but that has been corrected to account for an erroneous calculation in the original "Actual Cash IC Disposal" line.

Defendants produced over 100 profit and loss statements in discovery. For every year from 2018 through 2023, defendants produced "year-to-date" P&Ls, "line of business" P&Ls, and, at plaintiffs' insistence, "unallocated monthly" P&Ls. Defendants produced each of these kinds of P&Ls for five different hauling business districts – 6210, 6211, 6216, 6220, and 6230 – for each year.[4] Defendants also, at plaintiffs' insistence, produced P&Ls for disposal districts 6212, 6214, 6215, 6235, 6245, 6250, and 6270. From among these myriad P&Ls, defendants found a single calculation error in *one* line of *one* district for *one* year – the "line of business" P&L for district 6210 for 2022. The calculation error resulted from data being inadvertently input in the original spreadsheet using a minus sign instead of a plus sign.

Defendants produced the original P&L in the ordinary course of discovery; when defendants learned, during the completion of state court expert reports, that the original "Actual Cash IC Disposal" calculation was incorrect, we promptly changed it, revised the P&L, and produced the revised version of the same document to plaintiffs on February 4. Pursuant to Rule 26(e), Dr. Israel corrected the handful of mathematical calculations in his original report that relied on the incorrect number. Thus, the claim that this single correction "purports to revise Defendants' cost structure" is ludicrous.

---

[4] 6216 is Robert Wright Disposal, which was not acquired until August 2020. Nevertheless, defendants produced P&Ls for Robert Wright from before the acquisition.

**5.      Plaintiffs Inappropriately Seek a "Protective Order" on a Moot Issue (NineFold)**

Plaintiffs here waste the Court's time with an already-resolved irrelevant issue. Incredibly, they want a protective order to foreclose a subpoenaed deposition of third-party NineFold *even though defendants agreed to withdraw the deposition portion of that subpoena*.[5] There is simply no issue here.

**6.      The Remainder of Plaintiffs' Letter Lacks Any Merit**

Plaintiffs raise several other meritless issues:

<u>Antitrust Training Certifications</u>

Defendants have provided plaintiffs with a list of relevant employees who received antitrust training and the dates on which they received it. Defendants also provided a video recording of the internal antitrust training program, as well as all written antitrust policies. Defendants have searched for employee certifications of compliance with antitrust training. Defendants' online system records when an employee completes a training (the dates and names already provided), but there is no certification document. Defendants' responses are complete.

<u>Municipal Customers</u>

Plaintiffs assert that "County Waste has still not produced information that identifies all of its customers" – but the only example they offer is: "County Waste has not identified or

---

[5] Plaintiffs' discussion of NineFold omits that on December 13, 2024 – three weeks after the close of fact discovery – NineFold produced a series of communications with Mr. Earl and Mr. Brady (plaintiffs' President) that were never produced by plaintiffs. That production prompted defendants to ask NineFold if it would be willing to appear for a limited remote deposition. When NineFold agreed, defendants informed plaintiffs, who responded with two emails raising objections, after which defendants agreed to withdraw the deposition portion of the subpoena. Plaintiffs' assertion that "County Waste caused a false affidavit of service to be filed in the Utah proceeding" (Dkt. No. 228 at 3) is a false red herring and is certainly not an issue for this court.

produced contracts for its municipal customers." Dkt. No. 228 at 3-4. This issue was simply not raised in plaintiffs' December 6 motion to compel (Dkt. No. 220). The word "municipal" appears there only once, in reference to the redaction of customer names from Colonie Landfill disposal reports. Dkt. No. 220 at 2. (Defendants subsequently unredacted the customer names for plaintiffs.) This purported issue is waived.

<u>Colonie Landfill Subpoena</u>

Finally, plaintiffs argue about the response to the Colonie Landfill subpoena. Defendants already responded to these arguments in our December 27 submission (Dkt. No. 224 at 1-2). Plaintiffs are rehashing the same issue, yet again.

**7. Conclusion**

The Court should deny the relief sought by plaintiffs in their February 17 letter.

Respectfully submitted,

**NIXON PEABODY LLP**

_____

William E. Reynolds
Gordon L. Lang
Andrew C. Rose
Kelly A. Sprague


cc: Counsel of Record (via ECF; exhibits redacted and provided separately to chambers)